UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR A Money Laundering Investigation | ) ) ) ) ) ) | ML No.: 19-1204 |

*Reference:*      DOJ Ref. # CRM-182-68051

AMENDED[1] APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Angela S. George, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently designated by the Office of International Affairs), as a commissioner to collect evidence and to take such other action as is necessary to execute this and any subsequent, supplemental requests for assistance with the above-captioned criminal matter from Bulgaria.  In support of this application, the United States asserts:

RELEVANT FACTS

1.      The Supreme Prosecutor's Office of Cassation of the Republic of Bulgaria submitted a request for assistance (the Request) to the United States, pursuant to the Instrument as contemplated by Article 3(2) of the Agreement on Mutual Legal Assistance Between the

---

[1] This amended application has been filed to remove the third sentence from paragraph 9 as the cited bilateral Treaty does not have a provision that references use of compulsory measures.  No other changes have been made to any other paragraphs in and attachments to the original application.

United States of America and the European Union signed 25 June 2003, as to the application of the Treaty Between the Government of the United States of America and the Government of the Republic of Bulgaria, Bulg.–U.S., September 19, 2007, S. TREATY DOC. NO. 110-12 (2007) (the Treaty).  The Sofia Regional Prosecutor's Office, in Bulgaria, is investigating unknown target(s) for a money laundering offense, which occurred between on or about March 1, 2017 and June 30, 2018, in violation of the criminal law of Bulgaria, specifically, Article 253 of the Bulgarian Criminal Code.  Under the Treaty and the Agreement, the United States is obligated to assist in response to the Request.

2. In 2016, according to Bulgarian authorities, Bulgarian citizen Aleksandar Angelov Hristov (Hristov) and Syrian citizen Ali Ahmed Yusef (Yusef) co-founded Alixa, Ltd. (Alixa), which they created to organize their restaurant business. In March 2017, Hristov and Yusef opened bank accounts in the name of Alixa at UniCredit Bulbank AD (UniCredit) in Bulgaria.  Even though their restaurant business did not produce the expected income and was closed approximately six months after its opening, the accounts remained open.

3. In March 2018, Yusef told Hristov that he was going to use one of Alixa's bank accounts to assist a friend, Hazem Raful (Raful), who lived in the United States.  This personal favor involved receiving funds in U.S. dollars into one of Alixa's bank accounts at UniCredit in Bulgaria from a bank account at Puget Sound Bank (Puget Bank), presently doing business as Heritage Bank (Heritage), in the United States and owned by PW Arms, Inc. (PW), an American company in Redmond, Washington.  After receiving the funds from PW, they, as authorized users of Alixa's UniCredit bank account, would transfer the funds to other bank accounts owned by several companies in China as a favor to Raful.

4. On April 3, 2018, an unknown individual transferred 160,990 USD from PW's

bank account at Puget Bank to one of Alixa's accounts in Bulgaria. After the transfer, Yusef made two cash withdrawals from Alixa's bank account on April 4, 2018 and April 5, 2018, totaling 41,400 USD. Next, Yusef requested that the remaining funds be transferred to several Chinese companies, after which he left the country and went to Syria. Specifically, on April 12, 2018, the following transfers from Alixa's account were made to multiple Chinese companies: 1) 46,000 USD to Foshan Xinwei Aluminum Co. LTD; 2) 50,000 USD to Jiangxi Aokete Lighting Technology Co. LTD; and 3) 22,300 USD to Wenzhou N&A Foreign Trade Co. LTD.

5.      On April 24, 2018, Puget Bank submitted a request on behalf of PW with UniCredit for reimbursement of the transferred amount of 160,990 USD. In further investigation of the reimbursement request, UniCredit contacted Hristov and Yusef to inform them about the reimbursement request. In response to UniCredit's inquiry, Yusef contacted Raful, his friend in the United States, to obtain further details about the circumstances of the transfers. Later, Yusef contacted Hristov, his former business partner, and told him that there had been a mistake at PW with the monetary transfers from PW's bank account, and PW intended to withdraw its request for reimbursement from UniCredit.

6.      On April 26, 2018, the money laundering section of the Territorial Service - General Directorate Combating Organized Crime, Ministry of Interior, in Bulgaria, received a notification from UniCredit which indicated that the transfers from PW's account in the United States were suspicious and unlawful. Subsequently, on August 2, 2018, the Sofia District Prosecutor's Office in Bulgaria initiated pre-trial proceedings to investigate whether the transfers from PW's account were made pursuant to money laundering conduct as described by Art. 253 of the Bulgarian criminal code.

7.      To further the investigation, Bulgarian authorities have asked U.S. authorities to:

(1) obtain bank records pertaining to PW Arms, Inc.'s bank account held at Puget Bank, now Heritage Bank, in the United States; (2) identify and interview a representative at Pugent Bank; (3) identify and interview the manager and/or owner of PW Arms, Inc.; and (4) identify and interview Hazem Rayful, if he can be found in the United States.

## LEGAL BACKGROUND

8.  A treaty[2] constitutes the law of the land. U.S. Const. art. VI, cl. 2. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001). The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it." United States v. Stuart, 489 U.S. 353 (386) (1989) (internal quotations marks omitted). To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

9.  The United States and Bulgaria entered into the Treaty to promote more effective judicial cooperation and assistance between the parties in criminal matters. See Treaty, pmbl. The Treaty obligates each party, upon request, to provide assistance to the other in criminal investigations, prosecutions, and related proceedings, including assistance in serving documents, obtaining testimony, statements, records, and executing searches and seizures. Article 1.

10. When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512. This section authorizes a federal court to issue such orders and provides in pertinent part:

---

[2] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

4

>Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.
>
>\*             \*             \*
>
>[A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.
>
>\*             \*             \*
>
>The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

11. Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[3] This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

---

[3] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities. See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782). When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations. See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

12.     An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[4] has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[5] Upon such a duly authorized application, Section 3512 authorizes a federal judge[6] to issue "such orders as may be necessary to execute [the] request," including: (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things.  *See* 18 U.S.C. § 3512(a)(1)--(b)(1).  In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence.  18 U.S.C. § 3512(a)(1).

13.     Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents.  The appointed person has authority to:  (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things.  18 U.S.C. § 3512(b)(2).  In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically

---

[4] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  *See* 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[5] "Section 3512 can be invoked only when authorized by OIA. . . . Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA."  Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[6] The term "federal judge" includes a magistrate judge.  See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

uses a subpoena entitled "Commissioner's Subpoena."  Any such subpoena may be served or executed anywhere in the United States.  18 U.S.C. § 3512(f).  A sample "Commissioner's Subpoena" is included as Attachment A.

## REQUEST FOR ORDER

14.	The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself.  Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512.  In addition, the Request was submitted by an appropriate "foreign authority," the Supreme Prosecutor's Office of Cassation of the Republic of Bulgaria, a designated Central Authority in Bulgaria, and seeks assistance in the investigation of money laundering– a criminal offense in Bulgaria.  The requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of bank records and witness interviews, falls squarely within that contemplated by Section 3512.  Finally, this application was properly filed in the District of Columbia.

15.	This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters.

16.	When executing a foreign request for assistance in a criminal matter, both Section 3512 and the Treaty authorize the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions.  Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 and

the applicable treaty likewise should require no notice other than to the recipients. This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance.  <u>Young v. U.S. Dept. of Justice</u>, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); <u>In re Letters of Request from the Supreme Court of Hong Kong</u>, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); <u>In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti</u>, 669 F. Supp. 403, 407 (S.D. Fla. 1987).  Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person or entity other than the recipient(s) of any given commissioner subpoena.

       17.     Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Angela S. George, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to

collect the evidence necessary to execute any pending request for assistance and any subsequent, supplemental requests in connection with the same matter, to do so in a manner consistent with the intended use of the evidence.

        Respectfully submitted,

        VAUGHN A. ARY
        DIRECTOR
        OFFICE OF INTERNATIONAL AFFAIRS
        OK Bar Number 12199

By: _____
        Angela S. George
        Trial Attorney
        D.C. Bar No. 470567
        Office of International Affairs
        Criminal Division, Department of Justice
        1301 New York Avenue, N.W., Suite 800
        Washington, D.C. 20530
        (202) 514-4653 telephone
        Angela.George@usdoj.gov

**ATTACHMENT A**

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR A Money Laundering Investigation | ) ) ) ) ) ) ) |

*Reference:     DOJ#: CRM-182-68051*
***(Please repeat when responding.)***

## COMMISSIONER'S SUBPOENA

TO: Heritage Bank (formerly known as Puget Sound Bank)

I, Commissioner Angel S. George, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice, acting pursuant to 18 U.S.C. § 3512, and this Court's Order signed on _____, for the purpose of rendering assistance to Bulgaria, command that you provide the following documents regarding (an) alleged violation(s) of the laws of Bulgaria; specifically, _____, in violation of _____ of the _____ Criminal Code.

Provide records to International Affairs Specialist Kathryn Hampton by emailing them to Kathryn.Hampton@usdoj.gov or by mailing via Federal Express either a paper copy of the records or any commonly used digital storage device loaded with the files to the following mailing address by _____, 20\_\_:

Kathryn Hampton
International Affairs Specialist
Office of International Affairs
Department of Justice, Criminal Division
1301 New York Ave, NW – Suite 800
Washington, DC 20530
202.307.6676

For failure to provide records you may be deemed guilty of contempt and liable to penalties under the law.

Date: _____                                  _____
                                                                                    COMMISSIONER
                                                                                    Angela S. George
                                                                                    Trial Attorney
                                                                                    Office of International Affairs
                                                                                    Criminal Division, Department of Justice
                                                                                    1301 New York Avenue, N.W., Suite 800
                                                                                    Washington, D.C. 20530
                                                                                    (202) 514-4653 telephone
                                                                                    Angela.George@usdoj.gov